## HORTON LEE v. ELECTRIC L., H. & P. CO.

·APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF LACKAWANNA COUNTY.

Argued February 23, 1891—Decided March 9, 1891.

(*a*) A lineman, in the employ of an electric light company, sent aloft in
the power-room to shift a sling to be used in swinging a heavy shaft
into its place, ascended by a ladder at the end of the building, and, pass-
ing along a beam leading to the sling, was thrown to the floor by the
loosening of an upright brace supporting the roof upon the beam, and
was injured:

1. Under evidence that the company had knowledge of the defective brace,
and suffered the defendant to use the method he followed to reach the
sling without warning, and that plaintiff could have used the ladder to
reach the sling directly, but did not, the questions of the defendant's
negligence and of the plaintiff's contributory negligence were for the
jury.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 301 January Term 1890, Sup. Ct.; court below, No. 430
October Term 1887, C. P.

On August 17, 1887, Horton Lee brought trespass for neg-
ligence against the Electric Light, Heat & Power Company of
Carbondale. Issue.

At the trial on January 20, 1890, it was shown in substance,
that the plaintiff was in the employ of the defendant company
as a lineman; that his work was outside the company's station,
but, for six or eight weeks and before he was employed as a
lineman, he was employed at the station as a fireman; that on
June 21, 1887, he was engaged with other employees in assist-
ing to put a new shaft in place in the station building, under
the direction of the company's superintendent; that over the
power-room were trusses or beams running between the tops of
the side-wall, and braces extending upward from the beams
supporting the roof of the building; that a floor had been laid
over these beams along the south side of the building, but none
on the north side, which was therefore open, between the beams,

from the roof to the floor of the power-room below : that the shaft to be put in place was heavy, and it was necessary to suspend it from above by a sling thrown around a plank across two of the beams; that, in the operation, it became necessary that the sling should be shifted on the plank, and the plaintiff was directed to do it; that, instead of removing a portable ladder from the place where it stood at the east end of the building and using the ladder to get directly to the sling, the plaintiff went aloft by using the ladder where it stood, walked along a beam to the plank with the sling on it, passing an upright brace on his way, shifted the sling, and, on his return, as he swung himself around the brace it fell from its place and the plaintiff was thrown to the floor beneath, receiving severe injuries. The building was properly constructed, but there was evidence that this brace and others supporting the roof had become loosened from the roof by shrinkage; that the superintendent of the company had knowledge of the fact that the braces needed tightening by bolts and burrs, and that this had been ordered to be done, but neglected. There was some evidence on the part of the defendant tending to show that the plaintiff had not been ordered aloft to shift the sling, but that he suggested the shifting and the manner of doing it himself.

At the close of the testimony, the court, ARCHBALD, P. J., charged the jury in part as follows :

The negligence of the company arises, if at all, in this way :

The plaintiff says that he was ordered to go up overhead by Mr. Nicholson who was the superintendent. The evidence shows that Mr. Nicholson did have general supervision and control of the employees of the company. He, therefore, to such extent, represented the company. The plaintiff further says that Mr. Nicholson was present when he went out along the truss and swung himself the first time around the brace in question, and that he was there until the plaintiff was on the cross-beam and had changed the sling.

If he was there, if you believe that to be the fact, and saw the way that the defendant went out upon the truss, and swung himself around the brace, and knew, as we have evidence that he did know, that this brace was loose, it was his duty to warn the plaintiff that it was loose, or to have had the brace tight-

### Charge of Court below.

ened before he allowed the plaintiff to use it in this way. If he allowed the plaintiff to so use it without warning, or without having it fastened, he failed in a duty at that time which was due to the plaintiff. It would be the same as to allow him to use any other appliance or portion of the premises which was not, to his knowledge, safe. If it was in fact unsafe, as we certainly must conclude from the evidence that it was, and the superintendent saw the evident purpose to which the plaintiff was putting it, and allowed him to do so without warning, then he failed in his duty, and the neglect of the superintendent in this would be a neglect on the part of the company, and make them liable from any resulting accident. . . . . .

Now, the plaintiff must not only establish the negligence of the defendant, but it must appear that he, himself, is guilty of no negligence which contributed also to the accident. If he, himself, is guilty in any degree of contributing negligence, he cannot recover. We cannot weigh as to which was the more negligent, the defendant or the plaintiff, if both were; because, if the plaintiff was in any particular negligent, and his negligence contributed to the accident, then he has failed to establish a legal case. This is a question for you, as all of the questions of fact are. In passing upon it you must remember, however, that the plaintiff was only called upon to exercise ordinary care under the circumstances.

The defendants now allege, and have given evidence to sustain this allegation, that Mr. Lee could have used a ladder to get up overhead, and that this could have been readily moved from the place where it was usually standing; and, if it had been used, that he would have escaped any risk and danger, and this accident probably not have resulted. Albert Lee testifies that he and Nicholson used this ladder the night before, in the work which they had to do. The defendant has given some evidence to show that the plaintiff, in his former employment as fireman, and working about the station, used this very same ladder in carboning some of the lights there, but the plaintiff denies that he ever used the ladder, or that he knew anything about its use. Albert Lee says that he has seen parties work up overhead in this station, and that the ordinary way of getting there was by going up the ladder as it stood at one end of the building against the wall. The plaintiff, as I re-

### Charge of Court below.

member his testimony, in one part says that the ladder could not have been placed against the beam upon which the sling hung with safety. There seems to have been some evidence that the ladder was somewhat difficult to move; that one end of it had to be carried out of the door and moved around the engines and steam pipes that were there. I cannot instruct you, as matter of law, that the plaintiff was bound to use this ladder, even though you might now reach the conclusion, reviewing coolly and calmly, as we may here, all the facts, that by the use of the ladder he could have escaped this accident. He was bound to take the ordinary precautions of a prudent man. If, as a matter of fact, you find that in the use of such precaution he should have taken the ladder from its place and put it up against the truss, and so climbed up to the place where this sling was, then he was bound to do that; but that is a question of fact for you. If you find that he neglected to make use of a means which was reasonably evident to him at the time, and thereby ran into this danger, it is his own fault and he cannot of course recover; but if he used the ordinary means of going up overhead, or those which would naturally suggest themselves to him under the circumstances, or would naturally suggest themselves to a person of ordinary prudence, that is all that is required of him.

He was, however, bound to use the precaution of an ordinarily prudent man from the beginning to the end. There is no evidence that he knew of the looseness of this brace, at least none that I remember. But, if it was evident to him, or should have been evident to him from observation, and he neglected to use the precaution which would be thus suggested, then that would be negligence on his part contributing to the accident. Upon this point, Albert Lee says that he saw the brace loose the night before, and crawled under it, as I remember his testimony. The defendants claim that it was readily observable to a person who was under it, as the plaintiff was at the time he went around it the first time. If that is a fact, and the plaintiff saw and knew of the looseness of the brace, or ought to have known it by the exercise of ordinary prudence, then again he would be convicted, if you believe that to be the fact, of negligence which would prevent his recovery here.

The first question, then, in the case is, do the facts establish

negligence on the part of the defendant company? If they do not, then your verdict must be for the defendant. If, however, you find that the defendant was negligent, under the circumstances as I have endeavored to explain them to you, yet, still, you also find that the plaintiff himself was negligent, and that such negligence contributed to the accident, then there can be no recovery. The plaintiff must establish the two propositions to your satisfaction, that the defendant was negligent and that he was not. . . . . .

The defendant requests that I instruct you:

1. That, under all the evidence in the case, the verdict must be for the defendant.

Answer: This I cannot do. Questions of fact are involved which it is for you to pass upon and determine.[1]

The plaintiff asks that I instruct you as follows:

1. Under all the evidence in this case, it is for the jury to say whether the defendant was guilty of negligence, and it is also for the jury to say whether under all the evidence the plaintiff was guilty of contributory negligence.

Answer: This is a correct statement of the law, and I affirm the point.[2]

—The jury returned a verdict in favor of the plaintiff for $1,250. A rule for a new trial having been discharged and judgment entered, the defendant took this appeal, assigning for error:

1. The answer to the defendant's point.[1]

2. The answer to the plaintiff's point.[2]

*Mr. J. E. Burr* (with him *Mr. S. B. Price*), for the appellant.

Counsel cited: Sykes v. Packer, 99 Pa. 465; Ross v. Walker, 139 Pa. 42; Erie etc. R. Co. v. Smith, 125 Pa. 267; Pawling v. Hoskins, 132 Pa. 617; Clough v. Hoffman, 132 Pa. 626; Wannamaker v. Burke, 111 Pa. 423; Shear. & Redf. on Neg., § 94; Hart v. Coke Co., 131 Pa. 125.

*Mr. E. N. Willard* and *Mr. Everett Warren*, for the appellee, were not heard.

Counsel cited: Ackerson v. Dennison, 117 Mass. 407; 1 Redf. on Railways, 6th ed., 561; 3 Wood's Railway Law,

Syllabus.

§ 386; Lee v. Woolsey, 109 Pa. 124; West Chester etc. R. Co. v. McElwee, 67 Pa. 315; Johnson v. Bruner, 61 Pa. 58; Penna. Canal Co. v. Bentley, 66 Pa. 34; Penna. R. Co. v. Peters, 116 Pa. 206; Woodward v. Shumpp, 120 Pa. 458; Gray v. Scott, 66 Pa. 345; Beach on Cont. Neg., 72, 350, 367; Haverly v. Railroad Co., 135 Pa. 50; Carleton v. Steel Co., 99 Mass. 216; Hough v. Railway Co., 100 U. S. 213; Combs v. Cordage Co., 102 Mass. 572; Penna. R. Co. v. Barnett, 59 Pa. 259; Thompson on Neg., 974, 975; Schall v. Cole, 107 Pa. 1; Penna. etc. Co. v. Leslie, 109 Pa. 296; Tissue v. Railroad Co., 112 Pa. 98; Bier v. Manuf. Co., 130 Pa. 447; Rummell v. Dilworth, 111 Pa. 343; s. c. 131 Pa. 519; Phila. etc. R. Co. v. Hughes, 119 Pa. 301; Phila. etc. R. Co. v. Huber, 128 Pa. 63.

PER CURIAM:

The learned judge below declined to affirm the defendant's point, and submitted the question of negligence to the jury. He could not properly have done otherwise. It was for the jury to say whether the plaintiff was guilty of negligence in not moving the ladder, and whether the defendant company was negligent in not having the brace secured. These were questions which, under the evidence, the jury had a right to pass upon.

Judgment affirmed.